# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| CORTECH LLC | ) | |
| and HIRERIGHT SOLUTIONS, INC. | ) | |
| | ) | (Jury Trial Demanded) |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Steven Williams, complains against Cortech LLC and HireRight Solutions, Inc., as follows:

### Introduction

1. Steven Williams ("Williams") brings this claim against Cortech LLC ("Cortech") and HireRight Solutions, Inc. ("HireRight") for monetary damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Pursuant to the FCRA, a criminal background check report that is obtained for employment purposes is a consumer report. 15 U.S.C. § 1681a(d). Accordingly, a consumer reporting agency that creates criminal background check reports must implement reasonable procedures to ensure maximum possible accuracy of the information contained in its criminal background check reports. 15 U.S.C. § 1681e(b).

3. Before procuring a consumer report for employment purposes, an employer must provide a clear and conspicuous disclosure in writing to the consumer, in a document that consists solely of the disclosure, stating that a consumer report may be obtained for employment

purposes, and (2) obtain the consumer's written authorization to procure a consumer report for employment purposes. 15 U.S.C. § 1681b(b)(2).

4. Additionally, an employer that uses a consumer report to screen job applicants must provide the applicant a copy of his or her report before using the report to take adverse action based in whole or in part on that report. 15 U.S.C. § 1681b(b)(3).

5. HireRight inaccurately reported to Cortech that Williams has several pending felony charges against him, even though Mr. Williams has never been charged with or convicted of a crime in his entire life, and even though public records show that the individual who HireRight confused with Williams has a different middle name and race.

6. Cortech, in turn, rejected Mr. Williams for a job based on this erroneous information without first providing Williams a copy of his HireRight consumer report, a summary of his rights under the Fair Credit Reporting Act, and a pre-adverse action opportunity to dispute the content of his criminal background check report..

**Parties**

7. Plaintiff Williams is a resident of the Northern District of Illinois and Cook County. He is a consumer as that term is defined by FCRA. 15 U.S.C. § 1681a(c).

8. Defendant HireRight, an Oklahoma corporation headquartered in Tulsa, Oklahoma, is a "consumer reporting agency" as that term is defined by the FCRA. 15 U.S.C. § 1681a(f). HireRight regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

9. Defendant Cortech is a staffing company headquartered in Atlanta, Georgia.

**Jurisdiction and Venue**

10. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

11. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. In the course of creating an inaccurate consumer report about Williams, HireRight paid local contractors to collect court records about Plaintiff in this judicial district. Additionally, HireRight caused injury to Williams in this judicial district, and Cortech used a HireRight consumer report to deny Williams a job located in this judicial district.

**Factual Allegations**

12. In January 2013, Williams applied to work for Cortech.

13. In January 2013, Cortech offered Williams a full-time job placement conditioned on the results of a background check and drug test. The job would have paid Williams in excess of $38.00 per hour.

14. On January 31, 2013, Cortech ordered a consumer report about Williams from HireRight.

15. On February 4, 2013, HireRight reported criminal record information about Williams to Cortech.

16. The criminal record information that HireRight reported to Cortech was inaccurate.

17. HireRight reported that Williams had felony criminal charges pending against him in Cook County, Illinois and that the criminal records were matched by name and date of birth.

18. In fact, Williams did not have criminal charges pending against him, and the actual defendant in the pending criminal case has a different middle name than Williams.

19. Additionally, the court records that HireRight used to create Williams' report reveal that the criminal defendant's race is black. Williams's race is not black.

20. HireRight's consumer report about Williams did not include the criminal defendant's middle name, and it did not include the criminal defendant's race, even though that information was part of the publically available court record.

21. HireRight did not notify Williams that it was reporting public record information about Williams to Cortech at the time that it reported that information to Cortech.

22. On February 5, 2013, Cortech rejected Williams for employment based on the inaccurate and incomplete HireRight consumer report.

23. Before Cortech procured a consumer report about Williams, it did not provide him a disclosure, in a document consisting solely of the disclosure, stating that Cortech may obtain a consumer report about him for employment purposes.

24. Before Cortech took adverse action against Williams, it did not provide him a copy of his HireRight consumer report, and it did not provide him a summary of his rights under the FCRA.

25. Before Cortech procured a criminal background check report about Williams, it certified to HireRight that it would provide Williams a copy of his criminal background check report if it used the report to take adverse action against him. *See* 15 U.S.C. § 1681b(b)(1).

26. Had Cortech provided Williams a copy of his criminal background check and a summary of his rights under the FCRA before rejecting him for employment, Williams could have demonstrated to Cortech that the report was inaccurate and preserved Cortech's job offer.

27. HireRight did not maintain reasonable procedures to ensure maximum possible accuracy of the information in the report about Williams. In particular, HireRight did not implement procedures sufficient to ensure that the middle initial and race of the individual whose criminal records appeared in Williams' consumer report matched Williams' middle initial and race.

28. HireRight did not inform Williams that it was reporting public record information to Cortech at the time that it reported such information, nor did HireRight maintain strict procedures to ensure that the information in Williams's consumer report was complete and up to date. Specifically, HireRight failed to include in Williams' consumer report the middle initial and race of the actual criminal defendant whose criminal charges it reported.

29. In August 2012, the Federal Trade Commission ('FTC") filed a complaint against HireRight alleging, among other things that it systemically violated 15 U.S.C. § 1681e(b) by failing "to follow reasonable procedures to prevent the provision of obviously erroneous consumer report information to employers, such as purported information on a single consumer that included records of other consumers with different names, dates of birth, or other identifiers that are available in the public record."

30. In August 2012, HireRight entered a stipulated final judgment resolving the FTC complaint. As part of that final judgment, it agreed to pay a $2.6 million civil penalty and agreed that the facts alleged in the FTC's complaint were true for purposes of any subsequent civil litigation filed by or on behalf of the FTC.

**Fair Credit Reporting Act Requirements**

31. Pursuant to the FCRA, a criminal background check report that is obtained from a consumer reporting agency for employment purposes is a consumer report. 15 U.S.C. § 1681a(d).

32. HireRight is a consumer reporting agency because it regularly assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. 15 U.S.C. § 1681a(f).

**Count One – 15 U.S.C. 1681e(b)**
**Against HireRight**

33. Plaintiff realleges the previous paragraphs of this Complaint as if fully set forth herein.

34. HireRight willfully failed to maintain reasonable procedures to ensure the maximum possible accuracy of information in its reports, in violation of 15 U.S.C. § 1681e(b).

35. HireRight's willful violation of 15 U.S.C. § 1681e(b) caused Williams to suffer damages, for which damages HireRight is liable under 15 U.S.C. § 1681n.

36. In the alternative, HireRight negligently failed to maintain reasonable procedures to ensure the maximum possible accuracy of information in its reports, in violation of 15 U.S.C. § 1681e(b).

37. HireRight's negligent violation of 15 U.S.C. § 1681e(b) caused Williams to suffer actual damages, for which damages HireRight is liable under 15 U.S.C. § 1681o.

**Count Two – 15 U.S.C. § 1681k**
**Against HireRight**

38. Plaintiff realleges the previous allegations of this Complaint as if fully set forth herein.

39. HireRight did not notify Williams that it was reporting public record information about him to Cortech at the time that it reported such information.

40. HireRight willfully failed to maintain strict procedures to ensure that public record information contained in its consumer reports furnished for employment purposes was complete and up to date, in violation of 15 U.S.C. § 1681k.

41. HireRight's willful violation of 15 U.S.C. § 1681k caused Williams to suffer damages, for which damages HireRight is liable under 15 U.S.C. § 1681n.

42. Alternatively, HireRight negligently failed to maintain strict procedures to ensure that public record information contained in its consumer reports furnished for employment purposes was complete and up to date, in violation of 15 U.S.C. § 1681k.

43. HireRight's negligent violation of 15 U.S.C. § 1681k caused Williams to suffer damages, for which damages HireRight is liable under 15 U.S.C. § 1681o.

### Count Three – 15 U.S.C. § 1681b(b)(2)
### Against Cortech

44. Plaintiff realleges the previous allegations of this Complaint as if fully set forth herein.

45. Before Cortech procured a consumer report about Williams, it did not provide him a disclosure, in a document consisting solely of the disclosure, stating that a consumer report may be procured about him for employment purposes.

46. Cortech willfully violated 15 U.S.C. § 1681b(b)(2) because it recklessly disregarded its legal obligation to provide the required stand-alone disclosure before procuring a consumer report about Williams.

### Count Four – 15 U.S.C. 1681b(b)(3)
### Against Cortech

47. Plaintiff realleges the previous allegations of this Complaint as if fully set forth herein.

48. Cortech willfully took adverse action against Williams based in whole or in part on a consumer report that it procured for employment purposes without first providing him a copy of his report and a summary of his rights under the FCRA, in violation of 15 U.S.C. § 1681b(b)(3).

49. Cortech's willful violations of 15 U.S.C. § 1681b(b)(3) caused Williams to suffer damages, for which damages Cortech is liable under 15 U.S.C. § 1681n.

50. In the alternative, Cortech negligently took adverse action against Williams based in whole or in part on a consumer report without first providing him a copy of his report and a summary of his rights under the FCRA, in violation of 15 U.S.C. § 1681b(b)(3).

51. Cortech's negligent violations of 15 U.S.C. § 1681b(b)(3) caused Williams to suffer actual damages, for which damages Cortech is liable under 15 U.S.C. § 1681o.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award actual, statutory, or punitive damages against Defendants to Plaintiff as provided in 15 U.S.C. § 1681n;

B. Award actual damages against Defendants to Plaintiff as provided in 15 U.S.C. § 1681o.

C. Award Plaintiff his attorneys' fees pursuant to 15 U.S.C. § 1681n;

D. Award Plaintiff his costs pursuant to 28 U.S.C. § 1920; and

E. Grant all such additional relief as the Court deems appropriate.

**Jury Demand**

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

s/ Christopher J. Wilmes
One of the Attorneys for Plaintiffs

Matthew J. Piers (IL Bar # 2206161)
Christopher J. Wilmes (IL Bar # 6287688)
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100